IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS LEE ANDERSON,

                Counter Plaintiff,

  v.

BAYVIEW LOAN SERVICING LLC,

                Counter Defendant.

OPINION & ORDER

17-cv-119-jdp

---

Thomas Lee Anderson (pro se) filed a "notice of removal" seeking to remove his bankruptcy case to this court—or rather, to appeal an order from that proceeding in this court. Defendant Bayview Loan Servicing, LLC moves to strike the notice of removal and dismiss the appeal. Dkt. 8. Because the court lacks jurisdiction over this matter, I will grant Bayview's motion and dismiss the case.

BACKGROUND

Anderson has been fighting the foreclosure and sale of his Eau Claire home in Wisconsin state and federal courts for more than four years. He has brought several cases before both this court and the United States Bankruptcy Court for the Western District of Wisconsin, as summarized in a recent decision affirming the bankruptcy court's dismissal of his case and denying his request for injunctive relief. *Anderson v. Bayview Loan Servicing, LLC and U.S. Trustee*, 16-cv-249-jdp (W.D. Wis. Jan. 23, 2017).

On December 6, 2016, Anderson filed a new voluntary Chapter 13 petition for relief in the bankruptcy court. *In re Thomas Lee Anderson*, No. 16-14048-cjf (Bankr. W.D. Wis.). Soon after, Bayview moved for relief from the automatic stay in that proceeding, which the

bankruptcy court granted in an order dated January 18, 2017. Anderson filed a motion for reconsideration of that decision, which the bankruptcy court denied on January 30, 2017. Then, on February 15, 2017, Anderson filed a "notice of removal" in this court. Dkt. 1. The following day, he filed both a notice of removal and a notice of appeal in the bankruptcy court. A week later, Anderson refiled in this court the same "notice of removal" document—this time calling it a "notice of appeal/notice of removal"—and attached the bankruptcy court docket sheet and the January 18 order from which he is seeking relief. Dkt. 4.

The following day, Anderson's wife, Barbara Ellen Anderson—who has not made an appearance in this case—filed a notice and motion for extension of time to file necessary documents on behalf of her husband's claim. Bayview then moved to strike the notice of removal and dismiss the appeal for lack of jurisdiction.

## ANALYSIS

Anderson ostensibly seeks to "remove" his case from the bankruptcy court to this court, citing as authority 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027. He misunderstands the removal mechanism under federal law. Section 1334 provides for original jurisdiction of bankruptcy proceedings in federal district courts. Section 1452 provides for the removal of claims related to bankruptcy cases from *state* courts to *federal* courts. *See* 28 U.S.C. §§ 1441-1455 (Title 28, Chapter 89 captioned "District Courts; Removal of Cases from State Courts"). Rule 9027 expressly recognizes that cases removed to a federal district court may be referred to a bankruptcy judge of that district; it includes no provision for removal *from* the bankruptcy court. Fed. R. Bankr. P. 9027(a), (c), and (e).

The Bankruptcy Court for the Western District of Wisconsin is a part of this federal district court, and this court may refer bankruptcy cases to the bankruptcy judges of this district. *Id.*; 28 U.S.C. § 157(a). Here, specifically, the bankruptcy court was the appropriate venue for Bayview's motion for relief from the automatic stay. *See* 28 U.S.C. § 157(b)(2)(G). Moreover, Anderson is the one who filed his petition in the bankruptcy court. Neither Bankruptcy Rule 9027 nor any other provision cited by Anderson allows him to remove a case from the bankruptcy court—where his case could have properly been referred even had he *not* filed suit there—to the district court of which it is a part.

What Anderson likely really meant to do was to appeal the bankruptcy court's order granting Bayview's motion for relief. But even if I interpret his filing as an appeal, it still fails. Bankruptcy Rule 8002 requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Anderson filed a notice of appeal with the bankruptcy court on February 16, 2017. The bankruptcy court order that Anderson is seeking to appeal was issued almost a month earlier, on January 18, 2017. Even if I assume generously that Anderson really meant to appeal the denial of his motion for reconsideration of that order, that denial was issued on January 30, still more than 14 days before he filed his notice of appeal. The Seventh Circuit has recently made clear that "the 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional." *In re Sobczak–Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016), *cert. denied*, No. 16-7507, 2017 WL 670636 (U.S. Feb. 21, 2017). Thus, because Anderson missed his deadline, this court is without jurisdiction to hear his appeal and this case must be dismissed.

Barbara Anderson's motion for extension of time, filed February 24, does not change my analysis. In it, she indicated that Thomas Anderson had been sick for two weeks and remained in the hospital awaiting heart surgery, so he had been unable to attend to his case. That does not explain why he was unable to timely file a notice of appeal within 14 days of the bankruptcy court's January 18 order (or its subsequent January 30 order denying reconsideration). In any event, such unfortunate circumstances do not affect the court's lack of jurisdiction to hear Anderson's appeal. The Bankruptcy Rules give the *bankruptcy court* the authority to extend the appeal deadline in certain circumstances, but *not* when the order appealed from grants relief from an automatic stay under §§ 362 or 1301 of the Bankruptcy Code, as was the case here. Fed. R. Bankr. P. 8002(d); Dkt. 4-1, at 2. And regardless, I have no authority to extend the deadline. *Sobczak–Slomczewski*, 826 F.3d at 432 (explaining that a district court cannot extend the appeal deadline because "there are no equitable exceptions to a jurisdictional requirement") (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007)). As I have no choice but to dismiss this case, the motion for extension of time is moot.

ORDER

IT IS ORDERED that:

1. Bayview Loan Servicing, LLC's motion to dismiss for lack of jurisdiction, Dkt. 8, is GRANTED.

2. Barbara Ellen Anderson's motion for extension of time, Dkt. 5, is DENIED as moot.

3. The clerk of court is directed to close this case.

Entered March 20, 2017.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge